[5] In prosecutions for rape on a girl under 15 years of age, where the parties stand in relationship to each that these parties did, all acts are admissible in evidence. Battles v. State, 63 Tex. Cr. R. 157, 140 S. W. 788, but, as we said in that case:

"The state, at the conclusion of the testimony, should be required to elect upon which specific act it would rely for a conviction, and the court in his charge properly limit the application of the testimony as to other acts of intercourse, acts of intimacy, etc. This is the rule as we understand it in other criminal offenses, and we see no reason why it should be different in the case of rape of a child."

Appellant having timely filed his motion to require the state to elect, the court should have sustained that motion, and erred in not doing so. Bader v. State, 57 Tex. Cr. R. 293, 122 S. W. 555; Powell v. State, 47 Tex. Cr. R. 155, 82 S. W. 516, 122 Am. St. Rep. 683; Stone v. State, 45 Tex. Cr. R. 92, 73 S. W. 956; Batchelor v. State, 41 Tex. Cr. R. 501, 55 S. W. 491, 96 Am. St. Rep. 791. And the error in not doing so is emphasized in the charge of the court. All acts were shown to have taken place during the previous year, and, after overruling the motion and refusing to require the state to elect, the court instructed the jury to find appellant guilty, if they found he was guilty of an act of intercourse with the girl "at any time within one year before the 14th of November, 1913," thus authorizing a conviction on any one of the four acts testified to by the witness.

Motion for rehearing is granted, and the judgment of affirmance is now set aside, and the judgment of conviction is reversed, and the cause remanded.

---

WHITTLESEY v. STATE. (No. 3148.)

(Court of Criminal Appeals of Texas. May 27, 1914.)

CRIMINAL LAW (§ 1121*)—APPEAL—RECORD.

Where the sufficiency of the evidence to support a conviction was assigned as ground for new trial, it cannot be reviewed, unless the evidence is in the record on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2938, 2939; Dec. Dig. § 1121.*]

Appeal from Sabine County Court; J. B. Lewis, Judge.

Travis Whittlesey was convicted of violating the local option law, and he appeals. Affirmed.

See, also, 163 S. W. 78.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was prosecuted and convicted of violating the local prohibition law, and prosecutes this appeal.

The only grounds in the motion for a new trial contend that the evidence will not sustain the conviction. As the evidence adduced on the trial does not accompany the record, we cannot review those grounds, and the judgment is affirmed.